IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA,

       Plaintiff,

v.

KEENAN BLACK,
LAMONT HUNTER,
DERON NIXON.

       Defendants.

Criminal No. 11-0045
**ELECTRONICALLY FILED**

## MEMORANDUM ORDER RE: PARTIES' OBJECTIONS TO EXHIBITS

AND NOW, this 22nd day of October, 2012, after review of the parties' Joint Trial Exhibit Chart (Doc. No. 1084)[1], presented to the Court in accordance with the Court's Pre-Trial Order (Doc. No. 965) and the parties' objections as to authenticity and/or admissibility of exhibits and the opposing party's response thereto, IT IS HEREBY ORDERED that:

---

[1] On October 15, 2012, the parties filed their original Joint Trial Exhibit List. Doc. No. 1075. The Court struck this document because the parties' objections were not sufficiently detailed to rule upon and did not cite any applicable Federal Rule(s) of Evidence. 10/15/12 Text Order. The chart was edited and re-filed at Doc. No. 1084. The Court will only consider the objections contained within the revised chart. Doc. No. 1084.

1. Defendant's Objections to the following Government Exhibits are **OVERRULED**[2]:

    Defendants Black and Nixon have objections to the Government's proposed trial exhibits. Defendant Black objects to P-13 (a photo of heroin from Black on 1-6-11), P-14 (a photo of pistol from Black on 1-6-11), and P-15 (documents related to his prior felony convictions.

    a. <u>P-13, P-14</u>: Defendant Black objects the admissibility of P-13 and P-14, photographs of heroin and a firearm, based upon Fed. R. Evid. 1002, arguing that the heroin and firearm should be admitted into evidence rather than the photographs. The Court finds that the photographs of the heroin and firearm are appropriate under both Fed. R. Evid. 1002 and 1003 and therefore, the real objects do not need to be admitted into evidence. Defendant Black also objects to P-13 and P-14's authenticity. He contends that they lack sufficient authentication because they are photographs, rather than the real objects. The Prosecution must authenticate P-13 and P-14 pursuant to Fed. R. Evid. 901(b)(1), (b)(4), and (b)(9) during trial. They are not inadmissible at this point for lack of authentication. Defendant's objections to P-13 and P-14 are **OVERRULED**.

---

[2] The Court notes that on October 14, 2012, Defendant Lamont Hunter filed a Waiver of Jury Trial Pursuant to Fed. R. Crim. P. 23(a)(1), indicating he would waive his constitutional right to a trial by jury and, instead, proceed to a trial before this Court. Doc. No. 1073-1. The Waiver indicated that the other four remaining Co-Defendants also wished to waive their right to trial by jury and, instead, proceed to a trial before this Court. Doc. No. 1073, ¶ 4. Since that time, Defendants Manghan and Chapman have changed their plea to guilty and Defendant Nixon filed his Waiver of Right to Jury. Doc. No. 1078. Defendant Black has yet to file his waiver. The Court notes that its rulings on some of the parties' exhibits may be moot if the case proceeds to trial before this Court.

b. <u>P-15</u>: Defendant Black objects to both the authenticity and admissibility of P-15, documents outlining his prior felony convictions. Defendant argues that there is insufficient evidence to authenticate the documents pursuant to Fed. R. Evid. 901. After review of these records, the Court finds that they are properly authenticated under Fed. R. Evid. 901(b)(7) and 902(1), (2), and (4). Defendant also contends that the documents are inadmissible, pursuant to Fed. R. Evid. 802, because, in the absence of sufficient authentication, they are inadmissible hearsay. The Court finds that the documents are sufficiently authenticated and also that they qualify as an exception to hearsay pursuant to Fed. R. Evid. 803(22). Therefore, Defendant Black's objections to P-15 are **OVERRULED**.

Defendant Nixon objects to Government's exhibits P-1 (CD with all wiretap communications admitted during prosecution case-in-chief) and P-2 (binder containing transcripts of all wiretap communications admitted during prosecution case-in-chief.).[3]

a. <u>P-1</u>: Defendant Nixon objects to P-1's authenticity and admissibility. Defendant Nixon contends that the CD is inadmissible because "there is insufficient evidence linking particular communications to particular people – this is particularly true regarding text messages." Doc. No. 1084, 1. As noted in its Memorandum Order re. the parties' Motions in Limine, the Court declines to rule, in advance of trial, that these communications are inadmissible for lack of evidence linking them with particular Defendants. See Doc. No. 1078, 7. The Court will rule on whether the

---

[3] Defendant Hunter originally objected to exhibits P-1 and P-2, but on October 19, 2012, he filed a "Notice of Acceptance of Government Exhibits P-1, P-2 and P-15." Doc. No. 1098. Therefore, the Court will only address Defendant Nixon's objections to P-1 and P-2.

Government's presentation of evidence is sufficient to authenticate the cell phone communications, pursuant to Fed. R. Evid. 104(b) and 901, at the appropriate time during trial.

Defendant Nixon also objects to P-1's admissibility and argues that without sufficient authentication, the wiretap communications are irrelevant pursuant to Fed. R. Evid. 401 and 402 and/or are inadmissible hearsay pursuant to Fed. R. Evid. 802. Doc. No. 1084, 1. Again, the Court declines to rule, at this moment, that the wiretapped communications are inadmissible. The Government has the obligation to authenticate such evidence during trial. Therefore, Defendant Nixon's objections to P-1 are **OVERRULED**.

b. P-2: Defendant Nixon objects to the authenticity and admissibility of P-2, a binder containing transcripts of all wiretap communications admitted during the Prosecution's case-in-chief. As to authenticity, Defendant Nixon argues that P-2 is inadmissible because portions of the intercepted cell phone communications are inaudible and the transcripts will be impermissibly used to fill in the gaps. The Court has previously ruled that transcripts of the cell phone communications will be permitted to be used by the jury both during trial and deliberations. As previously noted, the Court will instruct the jury, both immediately prior to their introduction during trial and during final jury instructions, that the transcripts are merely listening aids and they are to rely on the audiotape if there is any discrepancy. After review of the audiotapes and the transcripts, the Court finds that the transcripts accurately reflect the audio. However, as to the transcript of Session 9-3608, which Defendant Nixon argues does not accurately reflect the audio, the Court agrees that the transcript

is not a completely accurate reflection of the conversation.  On October 17, 2012, the Court ordered that, on or before October 18, 2012, at 2pm, "[d]efense counsel shall also identify any portions of P-2 that they believe are not accurate and provide alternative language for that portion."  No such alternative transcript has been provided to the Court.  Therefore, Session 9-3608 may be admitted into evidence, but the jury may not have the transcript that was provided to the Court to use as a listening aid during trial or to review during deliberations.

As to admissibility, Defendant Nixon continues to contend that the transcripts will be improperly used.  Defendant Nixon also argues that the content of the call at Session 9-9578 is inadmissible, pursuant to Fed. R. Evid. 403, because its probative value is "grossly outweighed by the prejudice."  The Court reiterates that transcripts will be permitted as listening aids during trial.  Further, after listening to the audiotapes, finds that the probative value of Session 9-9578 is not outweighed by prejudice to Defendant Nixon.  Therefore, Defendant Nixon's objections to P-2 are **OVERRULED**.

2. The Government did not object to any of the Defendant's exhibits (D1-D4).

                                                        s/ Arthur J. Schwab
                                                        Arthur J. Schwab
                                                        United States District Judge

cc:     All Registered ECF Counsel and Parties